Receipt number AUSFCC-10106258

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

KEYSTONE SELF STORAGE, LLC, and

WILLIAM G. ROBINSON JR.,

      Plaintiffs,

      v.

THE UNITED STATES,

      Defendant.

Case No. 25-03L_____

**COMPLAINT**

**JURISDICTION**

1.     This Court has jurisdiction pursuant to 28 U.S.C. § 1494(a)(1) ("Tucker Act") because this action presents a claim against the United States which is founded upon money-mandating provisions of the Constitution and Statutes of the United States.

**STATUTES AND CONSTITUTIONAL PROVISIONS**

2.     Plaintiff's claims are based upon 1) The Fifth Amendment to the United States Constitution prohibiting the taking of private property for public use, without just compensation; 2) The National Trails System Act Amendments of 1983; 16 U.S.C. § 1247(d) ("Trails Act"); 3) The Tucker Act, 28 U.S.C. § 1491(a) ("Tucker Act"); and 4) The Uniform Relocation Assistance and Real Property Acquisition Policies Act of 1970, 42 U.S.C. § 4654(c) (2000).

**COUNT I**
**(TAKINGS CLAIM)**

3.     Norfolk Southern Railway Company formerly owned an easement for railroad purposes extending approximately 31.3 miles from approximately milepost W 26.0 +/- to approximately milepost W 57.3 +/- in Henderson and Polk Counties, NC and Greenville and Spartanburg Counties, SC (the

"Railroad Line").

4.      The easement lay across property owned by Plaintiff.

5.      Upon abandonment of the easement and/or authorization of use beyond the scope of the easement, Plaintiff's property would have been unburdened by any easement.

6.      Plaintiff Keystone Self Storage, LLC owned land adjacent to the Railroad Line on the date of the taking, December 19, 2024.  The property owned by Keystone Self Storage, LLC is located in Spartanburg County, South Carolina, and includes parcel numbers 1-08-09-065.01 and 1-08-09-067.00, and includes but is not limited to the fee title to all that property to the centerline of the abandoned right-of-way that is now subject to an easement for interim trail use.

7.      Plaintiff William G. Robinson Jr. owned land adjacent to the Railroad Line on the date of the taking, December 19, 2024.  The property owned by William G. Robinson Jr. is located in Spartanburg County, South Carolina, and includes parcel numbers 1-09-09-065.02, and includes but is not limited to the fee title to all that property to the centerline of the abandoned right-of-way that is now subject to an easement for interim trail use.

8.      On December 19, 2024, the Surface Transportation Board issued a Notice of Interim Trail Use relating to the Railroad Line.

9.      But for operation of the Trails Act, Plaintiffs would have the exclusive right to physical ownership, possession, and use of their property free of any easement for recreational trail use or future railroad use.

10.     By operation of the Trails Act, the United States took the Plaintiffs' property, for which it is Constitutionally obligated to pay just compensation.

11.     Plaintiffs owned the aforementioned property on the date of the taking, May 26, 2023, and are therefore proper claimants for compensation.

12.    Plaintiffs' property includes but is not limited to the fee title to the property underlying the former railroad easement.

13.    The United States' actions damaged Plaintiffs by taking a portion of Plaintiffs' property and by diminishing the value of the remaining property and by attenuating delay damages based upon the delayed payment of compensation.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that this Court enter judgment on their behalf, against the Defendant, adjudging and decreeing that:

A.    Defendant took Plaintiffs' property without just compensation in violation of the Fifth Amendment of the United States Constitution;

B.    Judgment be entered against Defendant and in favor of Plaintiffs for compensation for the property right taken from them, including severance damages, delay damages, and interest, together with the costs of suit, including reasonable attorneys' fees;

C.    Plaintiffs be awarded just compensation at full fair market value for their deprivation and losses;

D.    Plaintiffs have such other, further, and different relief as the case may require and the Court may deem just and proper under the circumstances.

Dated:  January 2, 2025.

Respectfully Submitted,

*s/ Adam M. Riley*
Adam M. Riley
Lauren N. Martin
Flint Cooper, LLC
222 E. Park St., Suite 500

P.O. Box 189
Edwardsville, IL 62025
T: (618) 288-4777   F: (618) 288-2864
ariley@flintcooper.com
lmartin@flintcooper.com

4